FILED
SEP 15 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Esa Muhammad a.k.a. Bandele Hinton, )
)
    Plaintiff, )
)
v. ) Civil Action No. 11 1676
)
Motorola, Incorporated *et al.*, )
)
    Defendants. )

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint. Pursuant to 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint upon a determination that it, among other grounds, fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff, who lists his address as a Post Office Box in the District of Columbia, alleges in his one-page complaint that in May 2000, he "signed a disclosure statement while completing my employment with [defendant] Motorola, Inc," in which he "stated all activity to date on my invention known as Smartech Solutions." Plaintiff further alleges that after he was laid off, Motorola "stole [his] intellectual property" "by forming [defendant] Motorola Solutions, Inc.[,] and Motorola Mobility, Inc.." Plaintiff seeks $50 million in damages.

Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir.

2004). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 555 U.S. 544, 555 (2007) (citations omitted); *see Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n. 4 (D.C. Cir. 2008) ("We have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances giving rise to the claims.") (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

Plaintiff has not alleged that he has obtained a patent for his alleged invention. He therefore has neither stated a cognizable claim nor established his legal standing to sue. *See Acme Highway Products Corp. v. Maurer*, 525 F. Supp. 1130 (D.D.C. 1981) ("The 'case or controversy' requirement [under the Declaratory Judgment Act] is met in patent cases when a 'claim or charge of infringement has been made, directly or indirectly' by the person entitled to enforce the patent.") (citation omitted). A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ Ellen S Huck
United States District Judge

Date: September 9, 2011